1  SCOTT N. SCHOOLS, SC SBN 9990
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Assistant United States Attorney
3  Chief, Civil Division
   ILA C. DEISS, NY SBN 3052909
4  Assistant United States Attorney

5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102
6    Telephone: (415) 436-7124
     FAX: (415) 436-7169
7
   Attorneys for Respondents
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12 HUI YU,                          )
                                    )  No. C 07-2749 EMC
13            Petitioner,           )
                                    )
14       v.                         )
                                    )  ANSWER
15 MICHAEL CHERTOFF, Secretary of the )
   Department of Homeland Security; )
16 EMILIO T. GONZALEZ, Director of the U.S. )
   Citizenship and Immigration Services; )
17 CHRISTINA POULOS, Director of USCIS )
   California Service Center; and   )
18 ROBERT S. MUELLER, III, Director of the )
   Federal Bureau of Investigation, )
19                                  )
              Respondents.          )
20 _____ )
                                    )
21

22      Respondents hereby submit their answer to Petitioner's Complaint for Writ in the Nature of

23 Mandamus and Declaratory Judgment Under 28 U.S.C. § 1361.

   **INTRODUCTION**
24
25      1.  Paragraph One consists of Petitioner's conclusions of law for which no answer is necessary;

26 however, to the extent a response is deemed to be required.

27      2.  Respondents admit that the application was filed in October 2004 and it was based upon a

28 family relationship.  Respondents deny the remaining allegations in Paragraph Two.

ANSWER
C07-2749 EMC                        1

**JURISDICTION and VENUE**

3.  Paragraph Three consists of Petitioner's allegations regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Respondents deny the allegations in this paragraph.

4.  Paragraph Four consists of Petitioner's allegations regarding venue, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Respondents deny the allegations in this paragraph.

**PARTIES**

5.  Respondents admit the allegations in Paragraph Five.

6.  Respondents admit the allegations in Paragraph Six.

7.  Respondents admit the allegations in Paragraph Seven.

8.  Respondents admit the allegations in Paragraph Eight.

9.  Respondents admit the allegations in Paragraph Nine.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10.  Respondents deny the allegations in Paragraph Ten.

**FACTUAL ALLEGATIONS**

11.  Respondents admit the allegations in Paragraph Eleven.

12.  Respondents admit the allegations in Paragraph Twelve.

13.  Respondents admit the allegations in Paragraph Thirteen with the exception that the fingerprints were taken on December 21, 2004.

14.  Respondents admit the allegations in Paragraph Fourteen with the exception that the applicant appeared for an interview on February 17, 2005.

15.  Respondents admit the allegations in Paragraph Fifteen.

16.  Respondents admit the allegations in Paragraph Sixteen.

17.  Respondents admit the allegations in Paragraph Seventeen.

18.  Respondents are without sufficient information to admit or deny the allegations in Paragraph Eighteen.

19.  Respondents are without sufficient information to admit or deny the allegations in

ANSWER
C07-2749 EMC                                    2

Paragraph Nineteen.

20.  Respondents are without sufficient information to admit or deny the allegations in Paragraph Twenty.  USCIS database indicates the name check was initiated to FBI on December 30, 2004.

21.  Respondents admit the allegations in Paragraph Twenty-One with the exception that USCIS records indicate the call was made on April 20, 2007.

22.  Respondents are without sufficient information to admit or deny the allegations in Paragraph Twenty-Two.

23.  Respondents are without sufficient information to admit or deny the allegations in Paragraph Twenty-Three.

24.  Respondents admit the allegations in Paragraph Twenty-Four with the exception that the letter was written by Petitioner, not the petitioner of the visa petition.

25.  Respondents admit the allegations in Paragraph Twenty-Five.

26.  Respondents admit that the case is pending; however, Respondents deny the remaining allegations in Paragraph Twenty-Six.

27.  Respondents deny the allegations in Paragraph Twenty-Seven.

28.  Respondents deny the allegations in Paragraph Twenty-Eight.

**CAUSES OF ACTION**

29.   Respondents incorporate their responses to Paragraph One through Twenty-Eight as if set forth fully herein.

30.  Respondents deny the allegations in Paragraph Thirty.

31.  Paragraph Thirty-One consists of Petitioner's conclusions of law for which no answer is necessary; however, to the extent a response is deemed to be required.

32.  Paragraph Thirty-Two consists of Petitioner's conclusions of law for which no answer is necessary; however, to the extent a response is deemed to be required.

33.  Paragraph Thirty-Three consists of Petitioner's conclusions of law for which no answer is necessary; however, to the extent a response is deemed to be required.

ANSWER
C07-2749 EMC                                    3

**PRAYER FOR RELIEF**

The remaining paragraphs under the heading "prayer for relief" consists of Petitioner's prayer for relief and request for costs, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Respondents deny this paragraph.

**FIRST AFFIRMATIVE DEFENSE**

Petitioner's complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(6) because Petitioner cannot establish that Respondents' duty to act is ministerial, that no other adequate remedy is available, or that Petitioner have a clear right to the relief sought. *See* 28 U.S.C. § 1361.

WHEREFORE, Respondents pray for relief as follows:

That judgment be entered for Respondents and against Petitioner, dismissing Petitioner's complaint with prejudice; that Petitioner take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: July 30, 2007                           Respectfully submitted,

                                               SCOTT N. SCHOOLS
                                               United States Attorney


                                               _____/s/_____
                                               ILA C. DEISS
                                               Assistant United States Attorney
                                               Attorneys for Respondents

ANSWER
C07-2749 EMC                                    4